**SLOTE, LINKS & BOREMAN, LLP**
Robert D. Links (SBN 61914) (bo@slotelaw.com)
Adam G. Slote, Esq. (SBN 137465 ) (adam@slotelaw.com)
Marglyn E. Paseka (SBN 276054) (margie@slotelaw.com)
1 Embarcadero Center, Suite 400
San Francisco, CA  94111
Phone: 415-393-8001
Fax:     415-294-4545
Co-counsel for Plaintiffs

**DOWLING AARON, INCORPORATED**
Donald R. Fischbach, Esq. (SBN 53522) (dfischbach@dowlingaaron.com)
8080 N. Palm Avenue, 3rd Floor
Fresno, CA 93711
Phone: 559-432-4500
Fax:     559-432-4590
Co-counsel for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| CLUB ONE CASINO, INC., dba CLUB ONE CASINO; GLCR, INC., dba THE DEUCE LOUNGE AND CASINO,<br><br>             Plaintiffs,<br><br>        vs.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR; SALLY JEWELL, in her official capacity as Secretary of the Interior; and LAWRENCE S. ROBERTS in his official capacity as Acting Assistant Secretary of the Interior – Indian Affairs,<br><br>             Defendants. | No. _____<br><br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF PURSUANT TO THE ADMINISTRATIVE PROCEDURE ACT** |

*Club One Casino, Inc., et al. v. United States Department of the Interior, et al.*
**Case No.** _____
**Complaint for Declaratory and Injunctive Relief**
1

# INTRODUCTION

1. This case involves a challenge under the Administrative Procedure Act to the federal defendants' issuance of "Secretarial Procedures" purporting to allow an Indian tribe, the North Fork Rancheria Mono Indians of California (the Tribe), to conduct casino gaming on a parcel of newly acquired off-reservation land in Madera County.  Plaintiffs contend that defendants' purported authorization violates the law in three respects:

2. First, the Indian Gaming Regulatory Act (IGRA, 25 U.S.C. §§ 2701, *et seq*.) allows the Secretary of the Interior to issue procedures regarding the operation of casino gaming—Class III gaming under IGRA—*only* if the gaming will be on Indian lands "over which the tribe has jurisdiction."  In this case, the land in question is off-reservation and the Tribe lacks territorial jurisdiction over it.  Because title to the subject parcel historically has been vested in private parties and was only recently transferred to the federal government without any cession of jurisdiction on behalf of the State of California, territorial jurisdiction over the property remains with the state and not the United States or any Indian tribe.  There is a common misperception that state jurisdiction diminishes when the federal government obtains title to land, but that has never been the law.  In fact, precedent establishes that the federal government cannot unilaterally appropriate territorial jurisdiction from a sovereign state, nor can an Indian tribe.  See *Ft. Leavenworth RR v. Lowe*, 114 U.S. 525 (1885).  In the instant case, because the Tribe does not have the required jurisdiction over this off-reservation land, IGRA does not authorize casino gaming there.  Furthermore, if the Indian Reorganization Act ("IRA," 25 U.S.C. § 465) were somehow construed to shift jurisdiction and therefore allow casino gaming on the subject site without the state's cession of territorial jurisdiction, IRA would violate the Tenth Amendment.

---

*Club One Casino, Inc., et al. v. United States Department of the Interior, et al.*
**Case No.** _____
**Complaint for Declaratory and Injunctive Relief**

3. Second, IGRA allows the federal defendants to issue "Secretarial Procedures" for tribal gaming only if they are "consistent with ... the relevant provisions of the laws of the State." See 25 U.S.C. § 2710(d)(7)(B)(vii)(I).  In this instance, the Secretarial Procedures are not consistent with state law.  California does not allow anyone to operate slot machines on lands governed by California laws.  Further, under state law, federally-recognized Indian tribes can conduct Class III gaming *only* pursuant to a compact negotiated by the Governor and ratified by the Legislature, and the Tribe does not have such a compact.

4. Third**,** in issuing the challenged Secretarial Procedures, defendants have misinterpreted IGRA and not acted in accord with that statute.  The portion of IGRA that provides for the prescription of procedures by the Secretary —25 U.S.C. § 2710(d)(7)(B)(vii)— does not authorize the Secretary of the Interior to allow a tribe to conduct Class III gaming without a Tribal-State compact.  Rather, section 2710(d)(7)(B)(vii) allows the Secretary merely to prescribe "procedures" for a tribe to follow in order to obtain a Tribal-State compact.  If this section were construed otherwise, it would conflict with at least two other sections of IGRA and a separate federal statute, the Johnson Act (15 U.S.C. §§ 1171-1178), that limits tribal gambling. None of these laws allows a tribe to engage in Class III gaming if the tribe lacks a Tribal-State compact.  Stated another way, these provisions do not allow Class III tribal gaming pursuant to Secretarial Procedures.

5. For these reasons, the federal defendants' issuance of the Secretarial Procedures is contrary to federal law, and under the Administrative Procedure Act, the court should issue declaratory relief that the instant Secretarial Procedures are invalid, as well as injunctive relief ordering defendants to withdraw them. Such relief is expressly authorized by the APA.  See 5 U.S.C. §§ 703 and 706(2).

*Club One Casino, Inc., et al. v. United States Department of the Interior, et al.*
**Case No.** _____
**Complaint for Declaratory and Injunctive Relief**
3

## JURISDICTION

6. The court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 (federal question), and the APA, 5 U.S.C. § 703.

7. This action arises under the Constitution of the United States, including the Tenth Amendment, and under statutory law, including IGRA (25 U.S.C. §§ 2701, *et seq.*), the APA, and the Declaratory Judgments Act (28 U.S.C. §§ 2201 and 2202) as well as under federal common law.

8. The sovereign immunity of the United States has been waived with respect to the subject matter of this action and the relief requested herein by the APA. See 5 U.S.C. § 702.

9. Defendants' action in issuing the challenged Secretarial Procedures constitutes final agency action for purposes of APA jurisdiction and plaintiffs have no other adequate judicial remedy. See 5 U.S.C. § 704.

## VENUE

10. Venue is properly vested in this judicial district pursuant to 28 U.S.C. § 1391(e) because a substantial part of the events giving rise to the claims occurred in this judicial district and the subject real property is located in Madera County, California. Moreover, plaintiffs reside in this judicial district.

## NO ADEQUATE REMEDY AT LAW

11. Plaintiffs have no plain, speedy, and adequate remedy in the ordinary course of law, other than the relief sought in this complaint, because there is no other mechanism for compelling the federal defendants' compliance with IGRA and the APA.

## THE SUBJECT PARCEL

12. The subject off-reservation parcel consists of 305 acres of land located in Madera County, California, approximately 15 miles north of the border of the City of Fresno on Avenue

*Club One Casino, Inc., et al. v. United States Department of the Interior, et al.*
Case No. _____
**Complaint for Declaratory and Injunctive Relief**
4

17 just west of the intersection with State Route 99 (the "Madera Parcel"). A legal description of the Madera Parcel and a map depicting it are attached hereto as Exhibit A.

## PARTIES

13. Plaintiff CLUB ONE CASINO, INC., dba CLUB ONE CASINO (CLUB ONE) is a cardroom licensed by the State of California having its principal place of business in the City of Fresno, which is within Fresno County, California. Plaintiff CLUB ONE has been in continuous operation at its present location for more than 21 years. Plaintiff CLUB ONE conducts various card and tile games approved by the California Bureau of Gambling Control, including variants of poker, baccarat, blackjack, and other popular table games in which players wager against one another on the outcome.

14. The Secretarial Procedures challenged in this case purport to allow the Tribe to conduct Nevada-style banking and percentage card games and to utilize slot machines, which would be illegal if conducted and/or operated by plaintiff CLUB ONE, and to engage in such activities on off-reservation lands in Madera County, which is approximately 25 miles and less than a 30-minute drive from plaintiff CLUB ONE'S cardroom. The market area for the Tribe's casino will overlap in substantial part with plaintiff's market area, and the Tribe's games under the Secretarial Procedures would be in direct competition with games offered by plaintiff. Further, the games authorized by the Secretarial Procedures are more popular with players than the restricted games plaintiff is allowed to offer under state law, and they would have a strong negative impact on plaintiff's business. Moreover, if the Secretarial Procedures are implemented, plaintiff will face increased competition for qualified and competent employees to staff its existing cardroom. Plaintiff and its host jurisdiction (the City of Fresno) would suffer serious economic injury if the Secretarial Procedures were allowed to stand, including a loss of

*Club One Casino, Inc., et al. v. United States Department of the Interior, et al.*
Case No. _____
**Complaint for Declaratory and Injunctive Relief**
5

taxable revenue, loss of employees and/or employment, and a corresponding diminishment of profits.

15. Plaintiff GLCR, INC., dba THE DEUCE LOUNGE AND CASINO (GLCR), is a cardroom licensed by the State of California having its principal place of business in Goshen, a census-designated place, near the City of Visalia, which is within Tulare County, California. Plaintiff GLCR has been in operation at its present location for more than five (5) years. Plaintiff GLCR conducts various card and tile games approved by the California Bureau of Gambling Control, including variants of poker, blackjack, and other popular table games, whereby players wager with one another on the outcome.

16. The Secretarial Procedures challenged in this case purport to allow the Tribe to conduct Nevada-style banking and percentage card games that would be illegal if conducted by plaintiff GLCR, and to conduct them on off-reservation lands in Madera County, which is fewer than 65 miles and less than a 60-minute drive from plaintiff's cardroom. The market area for the Tribe's casino will overlap with plaintiff's market area, and the Tribe's games under the Secretarial Procedures would be in direct competition with games offered by plaintiff. Further, the games authorized by the Secretarial Procedures are more popular with players than the restricted games plaintiff is allowed to offer under state law, and they would have a strong negative impact on plaintiff GLCR's business. Moreover, if the Secretarial Procedures are implemented, plaintiff will face increased competition for qualified and competent employees to staff its existing cardroom. Plaintiff would suffer significant economic injury if the Secretarial Procedures were allowed to stand, including a loss of taxable revenue, loss of employees and or employment, and a corresponding diminishment of profits.

*Club One Casino, Inc., et al. v. United States Department of the Interior, et al.*
**Case No.** _____
**Complaint for Declaratory and Injunctive Relief**
6

17. Defendant UNITED STATES DEPARTMENT OF THE INTERIOR (DOI) is an agency of the United States government.  Congress has delegated authority over Indian affairs to the DOI and the Secretary.  See 43 U.S.C. §1457(10).

18. Defendant SALLY JEWELL is the Secretary of the Interior (Secretary). She is the highest ranking official with the DOI and is being sued in her official capacity.

19. Defendant LAWRENCE S. ROBERTS is the Acting Assistant Secretary of the Interior for Indian Affairs (Assistant Secretary).  With certain exceptions not relevant to the instant action, the Assistant Secretary is authorized to exercise all of the authority of the Secretary with respect to Indian Affairs.  The Assistant Secretary is the specific official responsible for issuance of the Secretarial Procedures at issue; his signature is affixed to the Secretarial Procedures.  The Assistant Secretary is sued in his official capacity.

20. The NORTH FORK RANCHERIA OF MONO INDIANS OF CALIFORNIA is a federally acknowledged Indian tribe located in the Community of North Fork, County of Madera, State of California.  The Tribe is not joined in this litigation because it enjoys sovereign immunity.  However, the federal defendants can adequately protect the Tribe's interests.  See, e.g., *Artichoke Joe's v. Norton*, 216 F.Supp.2d 1084, 1118-1120 (E.D. Cal. 2002).

**GENERAL ALLEGATIONS**

21. Defendants' issuance of Secretarial Procedures to the Tribe was preceded by a lengthy process.  The first part of the process involved the negotiation of a compact by the Governor of California and the Tribe. A contentious process whereby the voters of California rejected the compact followed.  The second part of the process was a lawsuit by the Tribe against the State of California for failing to negotiate in good faith pursuant to IGRA.  See 25 U.S.C. § 2710(d)(7)(A)(i).

*Club One Casino, Inc., et al. v. United States Department of the Interior, et al.*
**Case No.** _____
**Complaint for Declaratory and Injunctive Relief**
7

22. As to the first part of the process, IGRA requires that a tribe have a "Tribal-state compact entered into by the Indian tribe and the State" in order to be able to offer Class III gaming. See 25 U.S.C. § 2710(d)(1). The process to obtain a compact is set forth in section 2710(d)(3). On August 31, 2012, California's Governor concluded a compact with the Tribe to govern Class III gaming on the Madera Parcel.

23. On June 27, 2013, the California Legislature passed Assembly Bill 277, which ratified the compact, and on July 3, 2013, Governor Brown signed the legislation into law.

24. Promptly thereafter, a petition was circulated among the electorate to submit AB 277 and its approval of an off-reservation casino to the voters via a statewide referendum measure. Sufficient signatures were gathered, and AB 277 was placed on the November 2014 ballot as Proposition 48–Referendum on Indian Gaming Compacts.

25. The referendum measure went before the electorate in November 2014, and the voters overwhelmingly rejected the North Fork Compact with a vote of 39.0% in favor and 61.0% against. See http://elections.cdn.sos.ca.gov/sov/2014-general/pdf/2014-complete-sov.pdf (at pages 91-93). As a result of this vote, there is no Tribal-State compact in place with respect to the North Fork Casino.

26. On January 2, 2015, less than two months after the vote on Proposition 48, the Tribe requested that the State of California enter into negotiations for a new compact for Class III gaming on the same off-reservation parcel rejected by the state's voters as a casino site. The State responded to the request stating that negotiations for a compact with similar terms on the same parcel would be futile given the decisive vote on the initiative.

27. IGRA section 2710(d)(7) provides a procedure for a tribe to follow when a state refuses to negotiate for the purpose of entering into a Tribal-State compact or fails to negotiate in good faith. See 25 U.S.C. § 2710(d)(7). Pursuant to this procedure, a tribe can sue a

*Club One Casino, Inc., et al. v. United States Department of the Interior, et al.*
**Case No. _____**
**Complaint for Declaratory and Injunctive Relief**
8

consenting state in federal court to obtain a compact pursuant to specific procedures, including a court order to negotiate pursuant to section 2710(d)(7)(B)(iii).

28. On March 17, 2015, the Tribe filed suit in this court pursuant to 25 U.S.C. § 2710(d)(7) for a determination that the State of California did not negotiate in good faith. *North Fork Rancheria of Mono Indians of California v. State of California*, No. 15-CV-419 (ECF 1 [Complaint]).

29. On November 13, 2015, the court concluded that the State of California's refusal to negotiate with the tribe was in violation of IGRA and ordered the parties to conclude a compact within 60 days pursuant to 25 U.S.C. § 2710(d)(7)(B)(iii). See *North Fork Rancheria of Mono Indians of California v. State of California*, No. 15-CV-419 (ECF 25 [Order on Cross-Motions for Judgment on the Pleadings]).

30. In the litigation referred to immediately above, the State of California failed to raise as an affirmative defense or otherwise contend that the State retained territorial jurisdiction over the proposed casino site and that, as a result, the Tribe did not have territorial jurisdiction as required by IGRA.

31. The Tribe and the State did not conclude a compact within the 60-day period set forth in 25 U.S.C. § 2710(d)(7)(B)(iii).

32. IGRA provides that if no compact is reached within the statutory time-frame, the parties shall each submit a proposed compact to a court-appointed mediator that represents their "last best offer" for a compact. Pursuant to the statutory framework, the mediator then selects the proposal that best comports with IGRA. See 25 U.S.C. § 2701(d)(7)(B)(iv).

33. The court-appointed mediator determined that the Tribe's proposed compact best comported with IGRA and other applicable law and submitted that compact to the State of California for the State's consent.

*Club One Casino, Inc., et al. v. United States Department of the Interior, et al.*
Case No. _____
**Complaint for Declaratory and Injunctive Relief**
9

34. The State failed to consent to the mediator's selection within the required time-frame and the Tribe's proposed compact was then submitted to the Secretary of the Interior to prescribe procedures under which Class III gaming may be conducted pursuant to 25 U.S.C. 2701(d)(7)(B)(vii).

35. On July 29, 2016, the federal defendants issued a document entitled "Secretarial Procedures" which purports to allow the Tribe to engage in Class III gaming on the subject parcel. A true and correct copy of the Secretarial Procedures is attached hereto as Exhibit B. On the same date, defendants notified the Tribe and the State that they had issued the Secretarial Procedures. See *Letter from Lawrence S. Roberts*, *Acting Assistant Secretary of the Interior – Indian Affairs,* dated July 29, 2016, a true and correct copy of which is attached as Exhibit C.

36. The Secretarial Procedures violate the law in at least three respects as set forth below in paragraphs 37-71, inclusive.

**FIRST CLAIM FOR RELIEF**
**Declaratory Relief**
**(Violation of IGRA's Jurisdictional Requirement)**

37. Plaintiffs reallege and incorporate by reference each of the allegations contained in the preceding paragraphs as though fully set forth herein.

38. IGRA allows the Secretary to prescribe procedures for the conduct of Class III gaming only if the gaming will occur on Indian lands "over which the Indian tribe has jurisdiction." 25 U.S.C. § 2710(d)(7)(B)(vii)(II). As alleged below, the Tribe does not have jurisdiction over the Madera Parcel.

39. On March 5, 2005, the Tribe submitted an application to the BIA to have the Madera Parcel taken into trust for the purpose of developing a casino. The Tribe's application was made under the Indian Reorganization Act (IRA), 25 U.S.C. § 479. At the time the application was submitted to the BIA, the Madera Parcel was owned by a private party, the

*Club One Casino, Inc., et al. v. United States Department of the Interior, et al.*
Case No. _____
**Complaint for Declaratory and Injunctive Relief**
10

1  Garold C. Brown Family Limited Partnership.

2      40. On or about January 26, 2007, the Garold C. Brown Family Limited Partnership
3  transferred the Madera Parcel to the Fresno Land Acquisitions, LLC, a California Limited
4  Liability Company.  A true and correct copy of the deed effecting this transfer is attached as
5  Exhibit D.  Fresno Land Acquisitions, LLC was and is a wholly-owned subsidiary of Station
6  Casinos, LLC, a Nevada casino operator, also a private party.

7      41. Prior to and at the time of the land transfers the Madera Parcel was always
8  governed by state law and subject to the territorial jurisdiction of the State of California (see Cal.
9  Gov't Code § 110).

10      42. On or about June 23, 2011, Fresno Land Acquisitions, LLC transferred the
11  Madera Parcel to NP Fresno Land Acquisitions, LLC, a California Limited Liability Company.
12  A true and correct copy of the transfer deed is attached as Exhibit E. NP Fresno Land
13  Acquisitions, LLC was another subsidiary of Station Casinos LLC.

14      43. On or about November 26, 2012, Assistant Secretary for Indian Affairs Kevin K.
15  Washburn issued a Record of Decision (ROD) to acquire title to the Madera Parcel in trust for
16  the Tribe.  The ROD acknowledged that, prior to the transfer in trust, the Madera Parcel was
17  subject to the exclusive jurisdiction of state and local authorities; the ROD also stated that
18  jurisdiction would be removed from State and local jurisdiction, but nowhere indicated that the
19  State of California ever ceded its jurisdiction to the Federal government and/or the Tribe. On
20  December 3, 2012, Notice of the ROD was published in the Federal Register (see 77 FR 71611-
21  02).

22      44. On or about February 13, 2013, NP Fresno Land Acquisitions, LLC transferred
23  the Madera Parcel to "the United States of America in trust for the Northfork Rancheria of Mono
24  Indians of California."  A true and correct copy of the deed effecting this transfer is attached

*Club One Casino, Inc., et al. v. United States Department of the Interior, et al.*
**Case No. _____**
**Complaint for Declaratory and Injunctive Relief**
11

hereto as Exhibit F.  The State of California did not participate in the transfer of the Madera Parcel.

45. Although the federal government obtained *title* to the subject parcel pursuant to the foregoing transaction, it did not obtain territorial *jurisdiction* over the site by virtue of the transfer deed.

46. The State of California has had territorial jurisdiction over the site since the state was formed in 1850.

47. Under the law, there are only three ways in which the federal government can obtain general territorial jurisdiction over lands within a sovereign state:

    1) By a reservation of such jurisdiction when admitting the state into the Union;

    2) By obtaining state consent to exclusive federal jurisdiction pursuant to the Enclaves Clause of the United States Constitution (U.S. Const., Art I, § 8, cl. 17); and

    3) By obtaining a formal cession of some or all of the state's jurisdiction.

None of these things have happened here.

48. The federal government did not reserve jurisdiction over the Madera Parcel when the State of California was admitted into the Union. See 9 Stat. 452 (California Admission Act). Nor did the state consent to the federal government's exercise of exclusive jurisdiction over the Madera Parcel when the federal government obtained title to the parcel.  As noted above (see paragraph 44, *supra*) the state was not a party to the transfer of the parcel to the United States. Nor has the state subsequently ceded any portion of its territorial jurisdiction over the Madera Parcel to the federal government.

49. A specific statute provides that the Federal government will be conclusively presumed not to have accepted jurisdiction over land until the federal government formally

*Club One Casino, Inc., et al. v. United States Department of the Interior, et al.*
**Case No. _____**
**Complaint for Declaratory and Injunctive Relief**
12

accepts jurisdiction by filing notice of acceptance with the Governor.  See 40 U.S.C. § 3112.  The federal government has filed no such notice.

50. Because the state has not ceded its jurisdiction, and because the federal government has not accepted territorial jurisdiction, the State of California still exercises full general territorial jurisdiction over the subject parcel.  Because the subject parcel is off-reservation and still under the state's territorial jurisdiction, it is not governed by IGRA and IGRA does not authorize Class III gambling at that location.  The Secretary is only authorized to issue Secretarial Procedures for Class III gaming to be conducted on Indian lands over which the Indian tribe has jurisdiction.

51. For the reasons stated, defendants' issuance of the Secretarial Procedures exceeded their statutory authority under IGRA and, pursuant to the APA, the court should issue appropriate declaratory and injunctive relief.

### SECOND CLAIM FOR RELIEF
**Declaratory Relief**
**(Unconstitutionality of IRA)**

52. Plaintiffs reallege and incorporate by reference each of the allegations contained in the preceding paragraphs as though fully set forth herein.

53. If the Federal government's acquisition of land in trust for an Indian tribe under the IRA is construed to unilaterally divest a state of its jurisdiction over the site, without obtaining the state's consent and cession, the IRA violates the Tenth Amendment to the United States Constitution.

54. For the reasons stated, defendants' issuance of the Secretarial Procedures exceeded their legal authority under the United States Constitution and, pursuant to the APA, the court should issue appropriate declaratory and injunctive relief.

WHEREFORE, plaintiffs request relief as set forth below.

*Club One Casino, Inc., et al. v. United States Department of the Interior, et al.*
**Case No. _____**
**Complaint for Declaratory and Injunctive Relief**
13

# THIRD CLAIM FOR RELIEF
**Declaratory Relief**
**(Violation of IGRA Due to Inconsistency of**
**Secretarial Procedures with State law)**

55. Plaintiffs reallege and incorporate by reference each of the allegations contained in the preceding paragraphs as though fully set forth herein.

56. IGRA allows the Secretary to prescribe procedures for the conduct of Class III gaming only if the procedures are consistent with "the relevant provisions of the laws of the State." 25 U.S.C. §2710(d)(7)(B)(vii)(I).

57. California law prohibits the operation of slot machines on all lands under state jurisdiction. See Cal. Penal Code §§ 330a, 330b, 330c, 330.1 to 330.6. California law also prohibits all banked and percentage card games on lands under its jurisdiction. See Cal. Penal Code §330. These prohibitions are without exception and they were elevated to the constitutional level in 1986 when Article IV, § 19(e) was added to the California Constitution banning the type of gambling conducted in Nevada and New Jersey.

58. In 1999, the voters adopted Proposition 1A, which added Article IV, § 19(f) to the California Constitution. That enactment authorizes the Governor is to negotiate and conclude compacts, subject to ratification by the Legislature, for the operation of slot machines and for the conduct of lottery games and banking and percentage card games by federally recognized Indian tribes on Indian lands in California in accordance with federal law. Article IV, §19(f), by its own terms does not authorize Indian tribes to engage in Class III gaming without a Tribal-State compact.

59. The Secretarial Procedures at issue are inconsistent with state law, and specifically violate the California Constitution because they purport to allow the Tribe to operate

*Club One Casino, Inc., et al. v. United States Department of the Interior, et al.*
Case No. _____
**Complaint for Declaratory and Injunctive Relief**
14

slot machines on the Madera parcel and to conduct banking and percentage card games there without a compact that has been duly ratified under California law.

60. For the reasons stated, defendants' issuance of the Secretarial Procedures exceeded their statutory authority under IGRA and, pursuant to the APA, the court should issue appropriate declaratory and injunctive relief.

WHEREFORE, plaintiffs request relief as set forth below.

**FOURTH CLAIM FOR RELIEF**
**Declaratory Relief**
**(Erroneous Interpretation of IGRA)**

61. Plaintiffs reallege and incorporate by reference each of the allegations contained in the preceding paragraphs as though fully set forth herein.

62. Section 2710(d)(7)(B)(vii) of IGRA provides as follows:

> If the State does not consent during the 60-day period described in clause (vi) to a proposed compact submitted by a mediator under clause (v), the mediator shall notify the Secretary and the Secretary shall prescribe, in consultation with the Indian tribe, procedures—
>
> (I) which are consistent with the proposed compact selected by the mediator under clause (iv), the provisions of this chapter, and the relevant provisions of the laws of the State, and
>
> (II) under which class III gaming may be conducted on the Indian lands over which the Indian tribe has jurisdiction.

63. In issuing the Secretarial Procedures, defendants have misinterpreted IGRA as quoted above. Defendants interpret section 2710(d)(7)(B)(vii) to allow the Secretary of the Interior to prescribe "procedures" as a substitute for a Tribal-State compact and to allow class III gaming without a Tribal-State compact. However, section 2710(d)(7)(B)(vii) does not give such authority to defendants. Rather, the language quoted above in paragraph 62 allows the Secretary to prescribe further procedures for the Tribe to follow in order to obtain a Tribal-State compact in the first instance.

*Club One Casino, Inc., et al. v. United States Department of the Interior, et al.*
**Case No. _____**
**Complaint for Declaratory and Injunctive Relief**
15

1   64. If IGRA were interpreted to allow the Secretary to prescribe and impose
2   "procedures" as a substitute for a Tribal-State compact, IGRA would be internally inconsistent
3   and would directly conflict with at least one other federal statute. As set forth below in
4   paragraphs 65-68, federal law specifically prohibits Indian tribes from engaging in Nevada-style
5   gaming on lands governed by federal law; the only exception is where there is a duly ratified
6   Tribal-State compact. Stated another way, there is no statutory exception that permits Class III
7   gaming under Secretarial Procedures instead of a Tribal-State compact.

8   65. IGRA allows class III gaming on Indian lands only if three requirements are
9   fulfilled, one of which is that the gaming is "conducted in conformance with a Tribal-State
10  compact entered into by the Indian tribe and the State …." See 25 U.S.C. § 2710(d)(1). In this
11  case, the Secretarial Procedures do not fulfill the prerequisite of a compact. For that reason
12  alone, the procedures violate the plain language of IGRA.

13  66. In addition to the conflict with section 2710(d)(1), the Secretarial Procedures run
14  afoul of the Johnson Act (15 U.S.C. §§ 1171-1178), which makes it unlawful to "possess or use
15  any gambling device ... within Indian County." 15 U.S.C. § 1175(a). IGRA expressly provides
16  that the Johnson Act "shall not apply to any gaming conducted *under a Tribal-State compact*...."
17  See 25 U.S.C. § 2710(d)(6) (emphasis added.) This specific Johnson Act exemption, however,
18  does not apply if the gaming is conducted pursuant to "procedures" issued by the Secretary
19  instead of a Tribal-State compact.

20  67. A third infirmity with the Secretarial Procedures stems from 18 USC §1166,
21  which is part of the federal criminal code. Section 1166 makes state laws applicable to Indian
22  country. Subsection 1166(c)(2), which was adopted by Congress as part of IGRA, provides that
23  gambling does not include "class III gaming conducted under a Tribal-State compact approved
24  by the Secretary of the Interior …." This exception does not apply to "procedures" issued by the

*Club One Casino, Inc., et al. v. United States Department of the Interior, et al.*
**Case No. _____**
**Complaint for Declaratory and Injunctive Relief**
16

Secretary; by its express terms, it applies only to gaming conducted pursuant to a negotiated compact. For this additional reason, state law still applies to the subject parcel even if it is considered "Indian Country."

68. Even if section 2710(d)(7)(B)(vii) in IGRA were determined to be ambiguous, legislative history, especially debates on the floor of the House and Senate, make clear Congress' intent not to allow Class III gaming without a Tribal-State compact.

69. For the reasons stated, defendants' issuance of the Secretarial Procedures exceeded their statutory authority under IGRA and, pursuant to the APA, the court should issue appropriate declaratory and injunctive relief.

WHEREFORE, plaintiffs request relief as set forth below.

**FIFTH CLAIM FOR RELIEF**
**Injunctive Relief**

70. Plaintiffs reallege and incorporate by reference each of the allegations contained in the preceding paragraphs as though fully set forth herein.

71. Because the defendants' actions are unlawful, the court should set them aside and issue appropriate injunctive relief pursuant to 5 U.S.C. §706.

WHEREFORE, plaintiffs request relief as set forth below.

**PRAYER FOR RELIEF**

Plaintiffs request the following relief:

1. On the first claim, that the court issue a declaratory judgment establishing that defendants, in issuing the challenged Secretarial Procedures, acted in excess of their statutory authority because there has been no cession of jurisdiction and therefore the subject parcel does not qualify for Class III gaming under IGRA;

*Club One Casino, Inc., et al. v. United States Department of the Interior, et al.*
Case No. _____
**Complaint for Declaratory and Injunctive Relief**
17

2. On the second claim, that the court issue a declaratory judgment that the shift in territorial jurisdiction under the IRA in this case, without state consent and/or a cession of jurisdiction, violates the Tenth Amendment;

3. On the third claim, that the court issue a declaratory judgment that the "Secretarial Procedures" contravene IGRA because they are inconsistent with state law;

4. On the fourth claim, that the court issue a declaratory judgment that defendants have erroneously interpreted IGRA to allow Class III gaming without a duly negotiated and ratified Tribal-State compact;

5. On the fifth claim, for an injunction or other appropriate order setting aside defendants' Secretarial Procedures and requiring defendants to withdraw their approval of Class III gaming on the subject parcel.

6. An award of attorneys' fees and costs; and

7. Such other and further relief as this court deems just and proper.

Dated: December 20, 2016

**SLOTE LINKS & BOREMAN, LLP**

By: _____
Robert D. Links
Co-Counsel for Plaintiffs

**DOWLING AARON, INCORPORATED**

By: _____/s/_____
Donald R. Fischbach
Co-counsel for Plaintiffs

---

*Club One Casino, Inc., et al. v. United States Department of the Interior, et al.*
**Case No.** _____
**Complaint for Declaratory and Injunctive Relief**
18